JP:WPC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X    M-07 874

UNITED STATES OF AMERICA

- against -                              C O M P L A I N T

KARL A. MOST and                         (T. 21, U.S.C., § 846)
JOHN P. VELEZ,

        Defendants.

- - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

        JAMES V. BUTHORN, being duly sworn, deposes and states that he is an Inspector with the United States Postal Inspection Service (the "USPIS") duly appointed according to law and acting as such.

        Upon information and belief, in or about and between August 4, 2007 and August 6, 2007, within the Eastern District of New York and elsewhere, the defendants KARL A. MOST and JOHN P. VELEZ, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a substance containing marijuana, a Schedule I controlled substance, in violation of Section 841(a)(1) of Title 21 of the United States Code.

        (Title 21, United States Code, Section 846)

1

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been with the USPIS for approximately eight years. I have participated in narcotics trafficking investigations, during the course of which I have conducted or participated in surveillance, execution of search warrants, debriefings of informants and reviews of taped conversations and records. Through my training, education and experience, I have become familiar with the manner in which narcotics are distributed and the efforts of persons involved in such activity to avoid detection by law enforcement.

2. The facts set forth in this affidavit are based in part on information that I have learned from review of written documents prepared by, and conversations with, members of the USPIS and other law enforcement agencies.

3. This investigation has used a confidential source of information (the "CI") who has proven himself/herself to be reliable.

4. As detailed further below, in or about August 4, 2007 to August 6, 2007, defendant MOST and the CI discussed a sale of 160 to 200 pounds of marijuana by defendant MOST to the CI. Defendant MOST indicated to the CI that other person or

---

[1] Because the purpose of this affidavit is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

persons were working with defendant MOST to sell the marijuana.

5. On or about August 4, 2007, defendant MOST called the CI and the CI returned the call while monitored by law enforcement. In that call, defendant MOST indicated that he had "some green shit" in the amount of "a couple of hundered" pounds to sell to the CI.

6. On or about August 5, 2007, the CI returned defendant MOST's call which was monitored by law enforcement. Defendant MOST and the CI discussed meeting the following day for purposes of verifying to the CI's satisfaction that defendant MOST possessed the marijuana to sell.

7. On or about August 5, 2007, the CI returned defendant MOST's call which was monitored by law enforcement. Defendant MOST indicated that he had possession of approximately 150 to 160 punds of marijuana to sell to the CI.

8. On August 6, 2007, the CI called defendant MOST, which was monitored by law enforcement, and arranged to meet with defendant MOST at the Canarsie Piers. During the course of that conversation defendant VELEZ then provided the CI the directions to the Canarsie Piers.

9. On or about August 6, 2007, defendant MOST and defendant VELEZ met with the CI at the Canarsie Piers located within the Gateway National Recreation Center in Brooklyn, New York.

3

10. On or about August 6, 2007, defendant VELEZ drove an automobile rented in his name to the Canarsie Piers. Defendant MOST was in the passenger seat. Defendant VELEZ stopped the car and exited the car with Defendant MOST. Both defendants walked to the car trunk and defenant VELEZ opened a bag which contained the marijuana showing it to Defendant MOST. Defendant MOST then drove the car and met the CI. Defendant MOST briefly indicated to the CI that he could quickly obtain more marijuana, approximately 160 to 175 pounds.

11. On or about August 6, 2007, defendant MOST handed the CI a package containing a green leafy substance later field tested positive for marijuana. The approximate weight of that marijuana was six and one half pounds.

WHEREFORE, your deponent respectfully requests that the defendants KARL A. MOST and JOHN P. VELEZ be dealt with according to law.

JAMES V. BUTHORN
Inspector
U.S. Postal Inspection Service

Sworn to before me this
7th day of August 2007

 ̄ ̄
 ̄GE ̄
EASTERN DISTRICT OF NEW YORK