

**U.S. Department of Justice**

*United States Attorney
Eastern District of New York*

JD
F.#2007R01480

*271 Cadman Plaza East
Brooklyn, New York  11201*

September 23, 2010

<u>By Hand Delivery and ECF</u>
The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Karl Most
        <u>Criminal Docket Nos. 07-CR-749(SLT</u>

Dear Judge Townes:

    The government submits this letter in response to the defendant Karl Most's *pro se* motion for the return of property, dated September 20, 2010.  Most demands and order, pursuant to F.R.C.P. 41(g), "returning his property asap."  (Letter dated September 20, 2010).  For the reasons set forth below, Most's demand is premature and without merit and should be denied in its entirety.

    Federal Rule of Criminal Procedure 41(g) provides:

> "A person aggrieved by an unlawful search and seizure of property or the deprivation of property may move for the property's return.  The motion must be made in the district where the property was seized.  The court must receive evidence of any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

    As the Court is well aware, defendant Most was arrested over three years ago at the Canarsie Piers in Brooklyn, N.Y. while actively engaged in a narcotics distribution conspiracy and in possession of multiple kilograms of marijuana.  Pursuant to

that arrest, items were lawfully seized from the defendant by agents who arrested him at the scene and conducted a search or his person pursuant to that arrest.

Those items, which include airplane receipts (both from Aero Mexico and for a Phoenix/Newark flight) and hotel receipts (Econo Lodge at Newark Airport), an address/phone book containing the names of numerous individuals relevant to the instant indictment, toll receipts (New Jersey/Staten Island, NY), vehicle registrations, notes, papers, various forms of identification, and numerous telephone and credit cards, consist of evidence of the charged conspiracy and the defendant's role in it.

Therefore, pursuant to F.R.C.P. 41(g), Most is not "a person aggrieved by an unlawful search and seizure of property." The property was legally obtained after a search incident to a lawful arrest.  Furthermore, Most's obstructive and delaying tactics throughout this case (four different attorneys, plea of guilt later withdrawn, failure to appear in court) warrant that the Court in this instance "impose reasonable conditions to protect access to the property and its use in later proceedings." F.R.C.P. 41(g).

## CONCLUSION

For these reasons, the United States respectfully requests that the Court deny the defendant's demand for the return of property until such time as his judgment of conviction has been finalized.  Until Most is actually sentenced pursuant to his 2009 plea of guilt, the property should remain accessible to the government for possible use in these proceedings.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____/s/_____
   Jack Dennehy
   Assistant U.S. Attorney
   (718) 254-6133

cc: Clerk of the Court (SLT) (by ECF)

    Sally Butler, Esq. (by ECF)
    Counsel for defendant

    Karl A. Most    (By U.S. Mail)
    Inmate # 03478-000
    MDC Brooklyn
    P.O. Box 329002
    Brooklyn, N.Y. 11232